UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

**14 MISC 274**

IN THE MATTER OF AN APPLICATION OF
THE UNITED STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE RELEASE OF
HISTORICAL CELL-SITE INFORMATION

SEALED APPLICATION

- - - - - - - - - - - - - - - -X

Elizabeth Ann Geddes, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T Wireless (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from (a) 917-971-5981, a telephone issued by the service provider and used by Naquan Reyes ("REYES SUBJECT TELEPHONE #1"), (b) 917-455-6010, a telephone issued by the service provider and used by Naquan Reyes ("REYES SUBJECT TELEPHONE #2"), and (c) 646-696-8985, a telephone issued by the service provider and used by Randie Marie Tyson ("TYSON SUBJECT TELEPHONE") (collectively, the "SUBJECT TELEPHONES"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONES during any calls or text message transmissions, for the period from July 1, 2010 to August 30, 2010 (collectively, the "HISTORICAL CELL-SITE INFORMATION").

In support of this application I state the following:

1.  I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am a

1

duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) and, as such, am authorized to apply for Orders authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

2. The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. 18 U.S.C. § 2703(d).

3. On July 27, 2010, the Honorable Julia B. Weatherly, Judge of the Circuit Court for Prince George's County, Maryland, granted an application requesting an order for the disclosure of toll records and cell site information for (956) 735-9283 (a cellular telephone used by Nicole Thompson). On September 28, 2011, the Honorable Roanne L. Mann authorized the disclosure of location data concerning cellular telephones (917) 971-5981 (REYES SUBJECT TELEPHONE #1), (917) 455-6010 (REYES SUBJECT TELEPHONE #2), (347) 262-3625 and (917) 202-9456 for the periods between July 22, 2010 and July 24, 2010 and August 7, 2010 and August 9, 2010; and telephone records concerning cellular telephones records with service provided by cellular towers in the vicinity of 1728 Brightseat Road, Landover, Maryland on July 23, 2010. Misc. Docket No. 11-676. On April 4, 2012, the Honorable Cheryl L. Pollak authorized the disclosure of location data concerning cellular telephone (646) 696-8985 for the period between July 22, 2010 and July 24, 2010 (TYSON SUBJECT TELEPHONE).

4. I have discussed this matter with a Special Agent with the United States Secret Service (the "investigative agency"), who is involved in the investigation. Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to

an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including witness tampering and concealment or destruction of evidence, in violation of 18 U.S.C. §§ 1512(a)(1)(c) and 1512(c)(1), and conspiracy to do the same, occurring in the Eastern District of New York and elsewhere. Second, it is believed that Reyes and Tyson, and others known and unknown, have used the SUBJECT TELEPHONES in furtherance of the above offenses. Third, HISTORICAL CELL-SITE INFORMATION will further the investigation by corroborating information obtained from confidential sources and providing leads as to subject's meetings with coconspirators, as well as to the location of evidence.

5. Based upon discussions with a special agent of the investigative agency, the government hereby sets forth the following specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation.

    a. Various confidential sources have advised that Naquan Reyes participated in a scheme to defraud banks between 2008 and 2011, including the period from July 1, 2010 to August 30, 2010.[1] As part of the scheme, participants deposited counterfeit checks into bank accounts and then made cash withdrawals of the funds.

    b. On July 16, 2010, Nicole Thompson was arrested by the New York City Police Department ("NYPD") in the Bronx and charged with grand larceny, criminal possession of a forged instrument, and other charges related to bank fraud. On the same day, Thompson waived her Miranda rights and provided a written statement stating that

---

[1] Those sources include criminal defendants or potential criminal defendants who also participated in the bank fraud scheme and have assisted the government in an effort to secure leniency for themselves.

3

she received approximately 36 checks from Naquan Reyes and deposited them into bank accounts for him in return for payment.

    c.  On or about July 19, 2010, Thompson met with an NYPD detective. During this meeting, Thompson advised the detective, in sum and substance, that Tyson was a recruiter for Reyes. During the same meeting, Thompson showed the detective several text messages on her cellphone that appeared threatening in nature and identified the sender as Reyes.

    d.  A review of previously-obtained historical cell-site information for the SUBJECT TELEPHONES suggests that Reyes and Tyson drove from the Bronx, New York to Maryland during the night of July 22, 2010 and the early morning of July 23, 2010. Moreover, law enforcement records reveal that at approximately 1:17 a.m. on July 23, 2010, an automated license plate reader captured front and back images of a car with license plate "FBA 7508" as it traveled southbound on Interstate 95 ("I-95") near the Fort McHenry Tunnel in Baltimore, Maryland. The reader also captured the car with license plate "FBA 7508" traveling northbound on I-95 near the Fort McHenry Tunnel on July 25, 2010. At that time, the vehicle with license plate FBA 7508 was registered to Tyson and used by both Tyson and Reyes.

    e.  On July 24, 2010 at approximately 1:40 p.m., officers from the Prince George's County Police Department ("PGCPD") in Maryland arrived at 1728 Brightseat Road, Landover, Maryland in response to a report of a foul odor coming from a trash dumpster ("Brightseat Road dumpster"). Upon further investigation officers learned that inside the dumpster was a dead body wrapped in black plastic trash bags with gray duct tape wrapped around it. Using latent fingerprints, the deceased was later identified as

4

Thompson. Following an autopsy, the Office of the Chief Medical Examiner for the State of Maryland concluded that Thompson was most likely asphyxiated and certified her death as a homicide.

    f.  The review of previously-obtained historical cell-site information for the SUBJECT TELEPHONES further revealed that REYES SUBJECT TELEPHONE #1 and REYES SUBJECT TELEPHONE #2 were near the Brightseat Road dumpster between 7:30 and 8:00 a.m. on July 24, 2010.

  6.  Based upon the above proffer, the government requests that the Court issue Orders that provides, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from July 1, 2010 to August 30, 2010.

  7.  The government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Orders be ordered not to disclose (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider and (c) the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court. Any such disclosure might endanger the life or physical safety of an individual; cause a target to flee from prosecution; result in the destruction of or tampering with evidence; risk intimidation of potential witnesses; and/or seriously jeopardize the investigation.

8. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. *See* 28 U.S.C. § 1746.

Dated: Brooklyn, New York
March 7, 2014

_____
Elizabeth Ann Geddes
Assistant United States Attorney
718-254-6430

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**14 MISC 274**

- - - - - - - - - - - - - - - - -X
IN THE MATTER OF AN APPLICATION OF
THE UNITED STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE RELEASEOF
HISTORICAL CELL-SITE INFORMATION

SEALED ORDER TO
SERVICE PROVIDER

- - - - - - - - - - - - - - - - -X

WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T Wireless (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from (a) 917-971-5981, a telephone issued by the service provider and used by Naquan Reyes ("REYES SUBJECT TELEPHONE #1"), (b) 917-455-6010, a telephone issued by the service provider and used by Naquan Reyes ("REYES SUBJECT TELEPHONE #2"), and (c) 646-696-8985, a telephone issued by the service provider and used by Randie Marie Tyson ("TYSON SUBJECT TELEPHONE") (collectively, the "SUBJECT TELEPHONES"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONES during any calls or text message transmissions, for the period from July 1, 2010 to August 30, 2010 (collectively, the "HISTORICAL CELL-SITE INFORMATION");

NOW, THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from July 1, 2010 to August 30, 2010;

IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's

Office, the United States Secret Service, the service provider and any other person or entity whose assistance is used to execute this Order; and

IT IS FURTHER ORDERED that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction, the existence of the this Order or the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
       March 7, 2014

_____
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

**14 MISC 274**

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE RELEASE
OF HISTORICAL CELL-SITE INFORMATION

SEALED ORDER
OF AUTHORIZATION

- - - - - - - - - - - - - - - - -X

This matter having come before the Court pursuant to an application by Assistant United States Attorney Elizabeth Geddes, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T Wireless (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from (a) 917-971-5981, a telephone issued by the service provider and used by Naquan Reyes ("REYES SUBJECT TELEPHONE #1"), (b) 917-455-6010, a telephone issued by the service provider and used by Naquan Reyes ("REYES SUBJECT TELEPHONE #2"), and (c) 646-696-8985, a telephone issued by the service provider and used by Randie Marie Tyson ("TYSON SUBJECT TELEPHONE") (collectively, the "SUBJECT TELEPHONES"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONES during any calls or text message transmissions, for the period from July 1, 2010 to August 30, 2010 (collectively, the "HISTORICAL CELL-SITE INFORMATION");

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including witness tampering and concealment or destruction of evidence, in violation of 18 U.S.C. §§ 1512(a)(1)(c) and 1512(c)(1), and conspiracy to do the same, being conducted by the United States Secret Service (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the period from July 1, 2010 to August 30, 2010;

Good cause having been shown, IT IS FURTHER ORDERED, that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Order, the existence of the Order to Service Provider or the production of the HISTORICAL CELL-SITE INFORMATION to the listed subscriber for the

SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
      March 7, 2014

_____
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK